16113

GALPHIN v. BENNETT

(48 S. E. (2d) 713)

*Mr. J. M. Brailsford, Jr.,* of Orangeburg, for Appellant,

*Mr. T. B. Bryant, Jr.,* of Orangeburg, for Respondent,

July 27, 1948.

BAKER, C J.:

This action was commenced by appellant on or about August 20, 1946, to obtain the possession of two lots of land, one lot containing one acre, the other one and one-half acres, and the buildings thereon, both being situate in Holly Hill Township, Orangeburg County, South Carolina. Appellant

claims the right of possession under a lease from the owners of the fee, dated May 2, 1946. Respondent claims the right to the possession under the renewal provision contained in a lease between the owners of the fee and one Julian S. Beatty, dated March 2, 1936, under an assignment of said lease, and agreement with the said Julian S. Beatty dated September 1, 1936. Under this assignment and agreement, the respondent, on December 1, 1936, went into the possession of the leased premises, and has remained in the possession thereof since that time.

Let the option and lease from the owners of the fee to Julian S. Beatty, and the assignment and agreement of Julian S. Beatty, to the respondent, attached to the complaint in this action and marked respectively Exhibits "A" and "C" be reported herewith, omitting the description of the parcels or lots of land, and the signatures.

Beatty failed to exercise the option to renew granted to him under the lease, (Exhibit "A") on or before March 10, 1946, but on February 6, 1946, the respondent wrote to Addie C. Wells, one of the original lessors, apprising her that it was his desire to extend the lease for an additional ten-year period. Miss Wells acknowledged the receipt of the letter, and advised the respondent that he did not have the right to renew the lease, and that she and her sisters (the other owners of the fee) declined to extend the lease. Thereafter, on May 2, 1946, the Misses Wells (the owners of the fee) leased the two lots to the appellant, for a period of five years. The appellant demanded the possession of the lots of land, the respondent refused the demand, and this action was then commenced.

All of the foregoing facts were set out in the complaint of the appellant, and it was further alleged that the indebtedness of Beatty to the respondent had been extinguished, to which allegation we will hereinafter make reference.

The respondent demurred to the complaint on two grounds, but it was agreed that only the second ground

would be considered, which raises the issue whether or not respondent was entitled to the benefit of the renewal provision of the original lease between the owners of the fee and Julian S. Beatty.

The Circuit Judge, in sustaining the demurrer, held that the respondent acquired, by the assignment from Beatty, the original lessee, all of his rights under the lease from the original lessors, including the right to extend the same. This conclusion is warranted by the language of the instrument, as well as the general law. While it may be inferred from the language of the instrument that the assignment was for the purpose of securing an indebtedness from the assignor to the assignee, yet it was, nevertheless, an assignment subject only to the right in the assignor to have a reconveyance of the premises (the lease) upon the performance by the assignor of the conditions of the assignment and the payment of the sums therein mentioned.

It is alleged in the complaint that the rents and profits received by the respondent from the premises prior to February 6, 1946, when respondent gave notice of desire to extend the lease for the second ten-year period, were more than sufficient to cover all of the payments he was entitled to receive under the assignment, and all his expenses in connection therewith, but it does not follow that his rights thereunder cease, or that the original lessor could take advantage thereof. On the contrary, Beatty, the original lessee, and the assignor, is the only party accorded by the terms of the assignment the right to a reconveyance thereof, and if the original assignor saw or sees fit to waive his rights to a re-assignment, or did not and does not consider the lease of such value to him as to wish to recoup it, the original lessors have no ground for complaint. They are only being asked to carry out that which they agreed to do.

The only defeasance clause in the assignment, which is really the right of the assignor to have the lease (the assignment says "the premises") reconveyed to him is in favor of

the assignor or original lessee, and no other. There is no suggestion that the lessors have any right to be relieved of their contract by the fulfillment of the conditions of the assignment. It may be that the assignee would be a trustee of the assignor in the exercise of any rights under the lease after fulfillment of the terms of the assignment, but only the assignor as the beneficiary would have the right to an accounting for revenues derived from the use of the property, or a reconveyance of the lease.

It follows that the Circuit Judge was correct in sustaining the demurrer to the complaint.

The exceptions are overruled and the case remanded to the Circuit Court for entry of judgment accordingly.

STUKES and TAYLOR, JJ., concur.

FISHBURNE and OXNER, JJ., dissent.

Exhibit "A"

Ida I. Wells, et al.
to (Option and Lease)
Julian S. Beatty

State of South Carolina,

County of Orangeburg.

This indenture made and concluded at Holly Hill, South Carolina, this 2nd day of March, 1936, by and between Ida I. Wells, I. Pauline Wells, Addie C. Wells and Ethel E. Wells, the Lessors, Parties of the First Part, and Julian S. Beatty, the Lessee, Party of the Second Part.

Witnesseth: That the Lessors have rented and leased and by these Presents do grant, bargain and lease unto the Lessee: (Two lots of land described.)

To have and to hold the said premises unto the said Lessee, his Heirs, Executors, Administrators and Assigns, for the term of ten (10) years, commencing March 10, 1936,

upon the terms and for the consideration hereinafter expressed.

And the said Lessee does hereby agree to pay as rent therefor the sum of Twelve and 50/100 ($12.50) Dollars per month for each of the lots or parcels of land, making a total of Twenty-five and no/100 ($25.00) Dollars per month, the first payment shall be due on the 10th day of April, 1936, and subsequent payments shall be due on the 10th day of each successive month during the term of this lease or any extension thereof.

And it is further agreed that the Lessee may engage in any lawful undertaking, business or enterprise upon the premises, and may erect such buildings and structures and install such equipment in and upon said premises, as he may deem in his discretion to be expedient, and upon the termination of this indenture or any extension thereof, said Lessee may remove any machinery, equipment or fixtures, placed by him upon the premises, or in any building erected thereon, but may not remove any building or structure of a permanent nature erected thereon during the term of this lease. And, the said Lessors agree to keep up taxes or assessments levied on the leased property and upon their failure to do so, the Lessee may pay same and deduct the amount so paid from the rent hereinabove agreed upon.

And it is further agreed that the Lessee may, at his option, extend the term of this lease for an additional ten (10) years by giving notice to one or more of the Lessors, or their legal representatives, on or before March 10, 1946, of his intention to occupy the premises for such additional period and upon the giving of such notice this lease will be extended and binding in all of its provisions for the additional period of ten (10) years. And, it is further agreed that at the expiration of the ten-year period of extension, the Lessee shall have the right to purchase the leased premises for the consideration of Two Hundred Fifty and no/100 ($250.00) Dollars per acre, and upon tender of the said

purchase price, the Lessors will execute and deliver unto him a deed of conveyance thereto.

And, it is further stipulated and agreed that if any payment of rent shall not be made within thirty days after the same shall have become due, the Lessors shall have the right to annul and terminate this lease, and re-enter and repossess the leased premises.

To all of it the Parties bind themselves, their Heirs, Executors, Administrators and Assigns.

In witness whereof, the said Parties have hereunto set their hands and seals the year and the day first above written.

Exhibit "C"

Julian S. Beatty

to (Agreement)

B. R. Bennett

State of South Carolina,

County of Orangeburg.

Whereas, Ida I. Wells, I. Pauline Wells, Addie C. Wells, and Ethel E. Wells under date of March 2, 1936, entered into an agreement with Julian S. Beatty, whereby they leased unto the said Julian S. Beatty, his heirs, Executors, Administrators and Assigns, for the term of ten (10) years, commencing March 10, 1936, the following described parcels of land: (Description of two lots of land)

And, whereas, the said lease, contract or rental agreement appears of record in the office of the Clerk of Court for Orangeburg County under date of March 3, 1936, in Book 94, at Page 420; and whereas, the said Julian S. Beatty has erected or caused to be erected and is now completing the erection of a gasoline service station on the said lot or parcel of land described in the said lease or agreement, and hereinabove described; and now:

Know all men by these presents, That the said Julian S. Beatty hereby transfers, assigns and leases unto B. R. Bennett the above described parcels or lots of land together with the gasoline service station thereon, and all other buildings or structures that may now or hereafter be erected thereon, together with all the rights, powers and privileges described and set forth in the aforesaid lease or rental agreement, in consideration of the payment by the said B. R. Bennett of the balance due the South Carolina National Bank for funds advanced to the said Julian S. Beatty for the erection of the said gasoline service station, together with the additional sum of One Thousand and no/100 ($1,000.00) Dollars necessary to complete the said gasoline service station and pay certain claims, agreed upon in connection therewith.

To have and to hold the said premises unto the said B. R. Bennett, his Heirs, Executors, Administrators and Assigns, for the said term of ten (10) years, as provided in the original lease or agreement hereinabove referred to and subject to the conditions hereinafter set forth.

The said Julian S. Beatty agrees to pay to the said B. R. Bennett the sum of Seventeen and 50/100 ($17.50) Dollars on the first day of each month, commencing October 1, 1936, for a period of eighty-four months, and for the same period in addition agrees to pay the said B. R. Bennett the sum of Twenty-five ($25.00) Dollars per month for the rental of the said lots or parcels of land; and the said B. R. Bennett agrees to pay to the said Ida I. Wells, I. Pauline Wells, Addie C. Wells and Ethel E. Wells, the said rental of Twenty five and no/100 ($25.00) Dollars, on or prior to the 10th day of each month during the eighty-four (84) months of the term of the said lease, commencing October 10, 1936; and the said Julian S. Beatty, his Heirs, Executors, Administrators and Assigns, will operate a gasoline filling station on and upon the said premises, the said operation to be satisfactory to the Standard Oil Company in accordance with the operating lease between the said Julian S. Beatty

and the said Standard Oil Company, and also satisfactory to the said B. R. Bennett until all of the payments herein provided to be paid by the said Julian S. Beatty to the said B. R. Bennett have been discharged in full, promptly and as when herein provided. In the event the said Julian S. Beatty, his Heirs, Executors, Administrators or Assigns, shall fail to operate the said gasoline service station to the satisfaction of the said B. R. Bennett, and of the said Standard Oil Company as provided in the operating lease between the said Julian S. Beatty and the said Standard Oil Company, then and in that event, the said Julian S. Beatty will give up possession of the said premises hereinabove described, building and structures erected thereon, and the said B. R. Bennett shall be entitled to immediate possession thereof, and the said Julian S. Beatty shall then forfeit any and all payments that have been made to the said B. R. Bennett up to that time. In addition the said B. R. Bennett shall be entitled to receive and collect the rental payments that are to be paid by the Standard Oil Company, being the sum of Thirty-five and no/100 ($35.00) Dollars per month for a period of eighty-four (84) months as provided in the contract or agreement for the lease of the said gasoline service station between the Standard Oil Company and the said Julian S. Beatty. In the event the operation of the said service station by the said Julian S. Beatty shall be unsatisfactory to the said B. R. Bennett, he shall give the said Julian S. Beatty notice of thirty days of such dissatisfaction, and the said B. R. Bennett shall be the sole judge thereof; and upon service of the said notice, the said B. R. Bennett shall be entitled to immediate possession of the premises; and the said Julian S. Beatty obligates himself, his Heirs, Executors, Administrators and Assigns to surrender immediate possession of the said premises to the said B. R. Bennett, his Heirs, Executors, Administrators and Assigns.

The said Julian S. Beatty shall not locate any other service station or store on the said lots described herein, but may

place any other buildings or enterprise on the lot second above described.

It is understood and agreed that the said Julian S. Beatty will pay all taxes levied on the property herein described and upon his failure to do so, or to see that the said taxes are promptly paid within the time so that the same will not become delinquent, the same shall be the occasion for the said B. R. Bennett to declare this agreement terminated and to require immediate possession of the said premises.

Upon the compliance by the said Julian S. Beatty of all of the terms and conditions herein provided, including the payment required to be made by him promptly for the full period of eighty-four (84) months as herein specified during all of such period of time, then and in such event, the said B. R. Bennett will reconvey the premises herein described, including the buildings and structures thereon, unto the said Julian S. Beatty free and discharged from any claim on the part of the said B. R. Bennett.

This contract or agreement, together with all the terms and conditions herein set forth, shall be binding upon the parties hereto, their Heirs, Executors, Administrators and Assigns.

Witness our Hands and Seals this 1st day of September, A. D., 1936.